IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PRIME INSURANCE SYNDICATE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 06-0770-CV-W-REL ) |
| REASSURANCE INSURANCE AGENCY LLC, | ) ) ) |
| Defendant. | ) ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is defendant's motion to dismiss on the ground that the complaint does not establish the requisite amount in controversy for federal jurisdiction. For the following reasons, defendant's motion will be granted.

## I. BACKGROUND

The following alleged facts are gathered from the complaint in this case as well as the file in a related case, <u>Insurance Corporation of Hanover v. Vantage Property Management</u>, 04-1012-CV-W-SOW. A Best Western Hotel owned by Vantage was damaged by fire. Vantage had an insurance policy through Insurance Company of Hanover who refused to pay for the fire damage, claiming that the insurance policy was not valid because of certain omissions. Hanover filed a declaratory judgment action seeking a finding that Hanover was not liable for the fire damage. Vantage filed a counterclaim seeking the amount of damages under the policy. Vantage also brought in multiple third party defendants, claiming

that if it was determined that Hanover was not liable (i.e., that the policy was defective), then these other defendants would have to pay since it would be their fault (in Hanover's opinion) that the policy was defective. Reassurance Insurance Agency, the defendant here, was one of those third party defendants.

In that declaratory judgment action, the court found that the insurance policy did indeed cover the damages, and Hanover was ordered to pay for the damage to the Best Western. Hanover and Vantage reached a settlement on the amount of the damages. Therefore, all of the third party defendants filed motions for summary judgment claiming that since Hanover was liable, the claims against them were moot. Vantage agreed to the granting of the summary judgment, and the motions were granted.

Three days after the summary judgment order was entered finding the insurance policy valid, Prime Insurance Syndicate ("Prime"), plaintiff in this case, filed a declaratory judgment action. Prime claims that if Reassurance Insurance Agency ("RIA") were found liable in the original case, Prime would have to pay those damages because of a policy between Prime and RIA. Prime also seeks recovery of attorneys fees that were paid on behalf of RIA in the underlying action.

On June 6, 2007, RIA filed a motion to dismiss for lack of jurisdiction. RIA claims that there is no issue for declaratory judgment because the issues involved in this case have previously

2

been heard and decided in the underlying action. RIA further argues that Prime originally failed to pay the attorneys fees in the underlying action and the attorney, John Ryan, obtained a state court judgment against Prime in the amount of $28,722.29, a sum substantially lower than the required amount to establish diversity jurisdiction.

On June 21, 2007, Prime filed a response, arguing that "[a]t the time Prime filed its Complaint, no final judgment regarding RIA's liability had been entered in the underlying action. Although RIA is likely to point out that it was granted summary judgment three days prior to Prime filing its Complaint, the matter had not been finally resolved, as the opposing party still could have filed an appeal or other motion seeking to overturn the ruling."

On July 10, 2007, RIA filed a reply, pointing out that the parties in the underlying action did not appeal or file any motions to overturn the ruling; therefore, the underlying action was finally resolved at the time Prime filed its complaint in the instant case. Three days later, RIA filed a supplemental reply, directing the court to a recent opinion, <u>Bell Atlantic Corporation, et al. v. Twonbly, et al.</u>, 05-1126, decided by the Eighth Circuit on May 21, 2007. In that case, the court rejected the previous standard that a plaintiff must plead only a short and plain statement of the claim showing that the pleader is

3

entitled to relief, and instead found that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulatic recitation of the elements of a cause of action will not do. "Factual allegations must be enough to raise a right to relief above the speculative level."

On July 17, 2007, Prime filed a motion to strike the reply and supplemental reply because the reply was filed two days late (although within the time calculated by ECF) and because RIA had not requested leave to file the supplemental reply. That motion was denied, and Prime was granted leave to file a sur-reply.

On July 23, 2007, Prime filed a sur-reply attempting to distinguish Bell Atlantic, because in that case the issue was whether the pleadings sufficiently pled a claim pursuant to F.R.Civ.P. 12(b)(6) and not whether federal diversity jurisdiction existed when the complaint was filed.

## II. *LEGAL ANALYSIS*

Plaintiff Prime Insurance Syndicate, Inc., as the party invoking federal jurisdiction, has the burden of proving the requisite amount by a preponderance of the evidence. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 347 (8th Cir. 2007); Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005).

4

Prime argues that at the time the complaint was filed, the parties to the underlying action could have appealed or filed some other motion seeking to reverse the ruling of Judge Wright that Hanover was liable to Vantage for the fire damage to the Best Western. Because of Judge Wright's finding, RIA was not in any way liable to Vantage. The only way liability could possibly attach is if Judge Wright's order was revoked by him or reversed by a higher court. Now, almost 11 months later, it is clear that neither has been done. Judge Wright's order stands, and the parties to that action reached a settlement on the amount of damages paid. Therefore, it is undisputed that RIA will never be liable to Vantage for that fire, and therefore Prime will never be liable to RIA for that fire.

For a court to have jurisdiction, a case and controversy must be extant at all stages of review, not merely at the time the complaint is filed. State of Minnesota v. Hoeven, 456 F.3d 826, 831-32 (8th Cir. 2006). In Hoeven, a bill signed into law after the complaint was filed made the claim in the complaint moot, just as in this case the lack of an appeal or motion to reconsider the grant of summary judgment has rendered the declaratory judgment claim moot. Because there is no longer a controversy, federal jurisdiction no longer exists, if indeed it did at the time the complaint was filed.

5

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)).

> A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." In the first instance, the court restricts itself to the face of the pleadings, . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). The general rule is that a complaint shall not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" In a factual attack, the court considers matters outside the pleadings, . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards.

Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)) (citations omitted). Continuing, the court explained factual attacks in greater detail:

> [H]ere the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

>Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id. at 730 (quoting Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3rd Cir. 1977)). A court's election to consider affidavits or other documents submitted in support of a factual Rule 12(b)(1) motion does not convert the Rule 12(b)(1) motion into a motion for summary judgment. See Osborn, 918 F.2d at 729.

In this case, I find that the defendant has raised a factual Rule 12(b)(1) motion, since the lack of federal jurisdiction is established through matters outside the four corners of the complaint, i.e., the undisputed fact that the underlying action has been finally resolved, meaning RIA will not be liable to Vantage for the Best Western fire, and therefore the issue of whether Prime is liable to RIA will never arise based on the instant facts. Therefore, conversion to a summary judgment motion is unnecessary, and dismissal for lack of subject matter jurisdiction is appropriate.

### III. CONCLUSION

Based on all of the above, I find that there is no longer a case or controversy for count one of plaintiff's complaint as there is no possibility that plaintiff will be liable to defendant for the Best Western fire. Without the amount in controversy alleged in count one, the amount in controversy in

7

the remaining count falls short of the required amount in controversy for federal diversity jurisdiction.  Therefore, it is

ORDERED that defendant's motion to dismiss is granted.


/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 25, 2007

8